# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT SOLUTIONS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CELL WHOLESALE, INC., et al.,<br><br>Defendants. | Case No.: SACV 15-00878-JLS-(JCGx)<br>Assigned to Hon. Josephine L. Staton<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

On December 10, 2015, the Court granted in part and denied in part Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P.'s motion for default judgment. (Doc. 47.) In its order, the Court granted Plaintiffs' motion as to liability against Defendant Cell Wholesale, Inc. for the following claims: (1) trademark infringement under § 1114 and § 1125(a) of the Lanham Act, (2) state statutory and common law unfair competition, (3) contributory trademark infringement, (4) unjust enrichment, (5) tortious interference with business relationships, (6) fraud, (7) unauthorized access with intent to defraud

1

under § 1030(a)(4) of the CFAA, (8) unauthorized access under § 1030(a)(5)(C) of the CFAA, (9) trafficking in computer passwords under § 1030(a)(6) of the CFAA, and (10) conversion.  (*Id*.)  The Court denied the motion as to all remaining Defendants and claims.  (*Id*.)  On March 7, 2016, the Court granted Plaintiffs' renewed request for permanent injunctive relief, damages, attorneys' fees, and investigative costs.  (Doc. 50.)

       Therefore, and based thereon, **IT IS HEREBY ORDERED THAT:**

1. Final judgment as to liability is hereby entered against only Defendant Cell Wholesale for the foregoing claims.  As explained in the above Orders (Docs. 47, 50), the Court finds there is good cause and there is no just reason for delay to enter final judgment against only Defendant Cell Wholesale.

2. Final judgment is hereby entered against only Defendant Cell Wholesale for $1,100,812.95 in treble statutory damages, $25,616.26 in attorneys' fees, and $49,318.09 in investigative costs.

3. Defendant Cell Wholesale and all of its past and present agents, officers, directors, successors, assigns, subsidiaries, affiliates, parent companies, other related companies, predecessors-in-interest, companies, agents, employees, and all other persons or entities acting or purporting to act for it or on its behalf, shall be and hereby are PERMANENTLY ENJOINED from:

    a. Acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new Sprint Phones for any unlawful purpose including without limitation any conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

    b. Hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones for any unlawful purpose;

  c. Acquiring, advertising, or reselling Sprint services for any unlawful purpose;

  d. Engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

  e. Accessing Sprint's computer networks for an unlawful purpose either directly or through a Sprint representative or customer or a third-party;

  f. Supplying Sprint Phones to or in any way assisting other persons or entities who any of the enjoined entities knows or should know are engaged in any of the acts prohibited under this Permanent Injunction;

  g. Knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

  h. Contacting or communicating with Sprint or any Sprint employees or representatives, whether in person, over the telephone, through a website, or via a third party for any unlawful purpose including without limitation any conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

  i. Advertising for or soliciting individuals to acquire Sprint products;

  j. Compensating an individual for acquiring a Sprint product;

      k.    Training, educating, coaching, guiding, instructing, providing or otherwise informing anyone of methods of acquiring Sprint products or services or to otherwise defraud Sprint;

      l.    Holding themselves out as being associated with, employed by, or acting as an agent, representative, affiliate, contractor, authorized partner, or otherwise acting on behalf of Sprint.

4.    The Court retains jurisdiction to enforce any violation of the terms of this Final Judgment and Permanent Injunction.

DATE: March 7, 2016      _____

                                  THE HONORABLE JOSEPHINE L. STATON
                                  UNITED STATES DISTRICT JUDGE